UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE MEDINA, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Civil Action No. 04-11759-GAO |
| UNITED STATES OF AMERICA, | ) ) ) ) |
| Respondent. | ) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO
<u>TITLE 28, UNITED STATES CODE, SECTION 2255</u>**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney Heidi E. Brieger, hereby responds to Petitioner Jose Medina's ("Medina") Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28, United States Code, Section 2255 (the "Petition"). By this Petition, Medina requests this Court to set aside his sentence on two grounds: first, that he lacked effective legal representation during the sentencing phase of his case; and second, that this Court imposed sentence in violation of the Fifth and Sixth Amendments of the United States Constitution.

I.  **Procedural Background**

After a trial ending on April 11, 2000, Medina was convicted of conspiring to distribute cocaine in violation of Title 21, United States Code, Section 846; possession with intent to distribute and distribution of cocaine, in violation of Title 21,

United States Code, Section 841(a)(1); and the unlawful use of a communication facility, in violation of Title 21, United States Code, Section 843(b). After a sentencing hearing on August 9, 2000, this Court imposed, inter alia, a 121-month term of imprisonment, followed by a 4-year term of supervised release.

Medina appealed his conviction and sentence on the grounds that this Court erred by: (1) failing to instruct the jury on entrapment; (2) miscalculating the quantity of drugs attributable to Medina for sentencing purposes; and (3) imposing sentence in violation of the United States Supreme Court's decision in Apprendi. In United States v. Medina, 73 Fed.Appx. 464 (1st Cir. 2003), the First Circuit rejected those arguments and affirmed Medina's conviction and sentence. The United States Supreme Court thereafter denied Medina's Petition for a Writ of Certiorari in Medina v. United States, 124 S.Ct. 1117 (2004).

In rejecting Medina's Apprendi claim, the First Circuit ruled that he waived it by failing to expand his argument beyond a bare assertion:

> Jose also asserts the district court's sentence violated Apprendi. Other than the citation to Apprendi, Jose does not expand on this argument. Accordingly, Jose waived this claim .... Regardless, Jose's sentence was well within the statutory maximum of twenty years imprisonment. Thus, the district court's calculation of drug quantity did not violate Apprendi.

Id. at 470, fn. 6.

The First Circuit declined to decide Medina's ineffective assistance allegations because such "fact-specific ineffective assistance claims ... must be first presented, and ruled upon, by the district court." Id.

Hence, on November 10, 2004, Medina filed the instant Petition alleging ineffective assistance of counsel during his sentencing hearing, and re-alleging his Apprendi claim. The petition was timely filed within the one-year limit set by Congress in the 1996 Antiterrorism and Effective Death Penalty Act.

## II. Factual Background

At trial, Edward Giargiari ("Giargiari") was a key witness against Medina. Law enforcement agents had arrested Giargiari after conducting surveillance of his participation in a drug transaction. Trial Transcript, 4/5/00, pp. 17-20. Giargiari subsequently agreed to cooperate with law enforcement agents in their investigation. Trial Transcript, 4/5/00, p. 130. Giargiari then made two controlled purchases of cocaine from Medina, both of which were tape recorded. Together, those two drug transactions consisted of approximately 1.25 kilograms of cocaine. Sentencing Transcript, p. 3. In the Presentence Report, the United States Probation Office attributed only that quantity of cocaine to Medina. Id. The government objected on the ground that the trial evidence, combined with information offered by Giargiari in pre-trial interviews (all of which was

set out in a DEA debriefing report) indicated that Medina reasonably foresaw the distribution of at least four kilograms of cocaine during the conspiracy. Sentencing Transcript, pp. 3-9. The government argued that Medina's correct base level was therefore 30. Id.

At the sentencing hearing, the government offered to call Giargiari to testify further about the drug quantity evidence contained in the DEA debriefing report. Sentencing Transcript, p. 6. Medina's sentencing counsel, Paul S. Haley, Esq., chose not to object to the government's proffer of evidence from the DEA debriefing report, and thus did not seek an evidentiary hearing. Sentencing Transcript, p. 7-8. Medina now characterizes his sentencing counsel's decision as erroneous, and claims that it constituted ineffective assistance of counsel.[1]

### III. Argument

   A.  Medina's Sentencing Counsel Exercised Reasonable Legal Judgment In Making A Strategic Decision Not To Object To The Government's Proffer Of Evidence At The Sentencing Hearing.

Collateral relief under 28 U.S.C. § 2255 is extraordinary, and is appropriate only where the claimed defect: (1) is constitutional or jurisdictional; (2) is a fundamental defect resulting in the complete miscarriage of justice; (3) is an

---

[1] At trial, Medina was represented by Assistant Federal Public Defender Stephanie Girard.

omission that is inconsistent with the rudimentary demands of fairness; or (4) creates an exceptional circumstance in which the need for habeas relief is apparent. United States v. Timmreck, 441 U.S. 780, 784-85 (1979).

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. The right to counsel is "fundamental," and applies to "critical stages of the proceedings." Gideon v. Wainwright, 83 S.Ct. 792, 796 (1963); United States v. Ash, 413 U.S. 300, 311 (1973) (internal quotations omitted)(no Sixth Amendment right to counsel at post-indictment witness identification). "The right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, fn. 14 (1970).

The touchstone for analysis of ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court formulated a two-part test for determining when such a claim is sufficient to overturn a conviction. First, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. When a defendant challenges a conviction, the question

is "whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 694.

To prevail on his Petition, the "very heavy burden" is on Medina to prove by a preponderance of the evidence that, in consideration of his counsel's perspective at the time, and absent the "distorting effects of hindsight," the totality of the circumstances supports a finding that the counsel's performance was so deficient, and so prejudicial, that it deprived Medina of his constitutionally guaranteed right to a fair trial. Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002); Lema v. United States, 987 F.2d 48, 51 (1st. Cir. 1993)(affirming district court's dismissal of Section 2255 ineffective assistance of counsel claim on grounds that none of defense counsel's alleged deficiencies deprived petitioner of fair trial).

The two-pronged Strickland test applies "in federal collateral proceedings as [it does] on direct appeal or in motions for a new trial." Strickland, 466 U.S. at 697. Furthermore, the "object of an ineffectiveness claim is not to grade counsel's performance." Id. at 697. Accordingly, "if it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice," then "a court need not determine whether counsel's performance was deficient." Id.

Here, Medina simply fails to demonstrate that his sentencing counsel's conduct fell below an objective standard of

reasonableness, and that, even if it had, that it prejudiced him. The performance of Medina's sentencing counsel should survive this Court's scrutiny, which must be "highly deferential," and mindful of the presumption that, under the circumstances, the counsel's actions "might be considered sound trial strategy." Bell v. Cone, 535 U.S. 685, 698 (2002) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)). There is a "strong presumption" that counsel's actions fall within the wide range of objectively reasonable conduct, and the reviewing court must refuse the benefits of hindsight and judge counsel according to his knowledge and the circumstances at the time. Id. at 690; Bell v. Cone, 535 U.S. 685 (2002)(failure to adduce mitigating evidence during death penalty sentencing hearing was not ineffective assistance).

Thus, in evaluating Medina's claim under the first prong of the Strickland test, there is a presumption that sentencing counsel's failure to object to the government's proffer of evidence, thereby giving up the opportunity to cross-examine Giargiari, "might be considered sound trial strategy." Strickland, 466 U.S. at 689. The decision not to cross-examine a witness is, like choices in emphasis during cross-examination, and decisions to call certain witnesses, a paradigmatic example of a trial strategy. See Lema, 987 F.2d at 54; Phoenix v. Matesanz, 233 F.3d 77, 83 (1st Cir. 2000) (failure to call fingerprint and blood experts was strategic decision, not

ineffective assistance). Counsel is not required to rebut every claim made by the prosecution, especially when it appears that a particular defense is implausible or insubstantial as a matter of law or fact. Lema v. United States, 987 F.2d 48 (1993) (failure to call prospective witnesses was not ineffective assistance); Isabel v. United States, 980 F.2d 60 (1992) (failure to object at sentencing to a possible erroneous enhancement was not ineffective assistance); United States v. Tajeddini, 945 F.2d 458 (1991) (failure of counsel to subpoena witnesses not ineffective assistance).

Medina advances two explanations for sentencing counsel's erroneous decision: first, that sentencing counsel lacked any familiarity with the trial record, which led him inaccurately to assume that cross-examination of Giargiari on his statements in debriefing report would be fruitless, Petition Add., p. 18; and second, that Giargiari's debriefing statements concerning his alleged transactions with Medina were ambiguous, so that cross-examination would have highlighted the ambiguities and thus further undermined Giargiari's credibility. Petition Add., pp. 19-20.

With respect to Medina's first contention, which is somewhat confusingly set out at Petition Add., p. 14, Medina neglects to focus on the rigorous cross-examination of Giargiari at trial by his own trial counsel and by trial counsel for his co-defendant Otoniel Medina. Trial Transcript, 4/6/00, pp. 19-80. Medina's

8

trial counsel's strategy was to challenge Giargiari's credibility based upon, among other things, his motive to lie and exaggerate to get the benefits of a plea agreement with the government. Trial Transcript, 4/6/00, pp. 75-78. She also elicited from Giargiari that he had drug problems and had not completed drug treatment program, Trial Transcript, 4/6/00, p. 24, and that DEA had paid travel expenses for him during the period of his cooperation. Trial Transcript, 4/6/00, p. 26. She further pointed out that Giargiari was involved in a monetary arrangement with a cellmate that he failed to disclose to the DEA agent for whom he was working as a cooperating witness. Trial Transcript, 4/6/00, pp. 31-32. In short, Medina's trial counsel pulled no punches during her cross-examination of Giargiari. It would accordingly be reasonable for sentencing counsel to conclude that further cross-examination would yield nothing new and could conceivably elicit further inculpatory evidence. This was especially true in light of the Court's statement that there was no apparent inconsistency between Giargiari's trial testimony and his debriefing report. ST, 8/9/00, p.9.[2]

With respect to Medina's second contention, there was and is no evidence showing temporal ambiguities in Giargiari's statements in his debriefing report such that his credibility was significantly undermined. Nor was there any indication that

---

[2] Co-defendant's trial counsel employed an identical strategy. Trial Transcript, 4/6/00, pp. 80-105.

cross-examination at sentencing would succeed at undermining Giargiari's credibility where cross-examination at trial had failed. In fact, the debriefing report is unambiguous as to the timing of the alleged drug transactions between Giargiari and Medina: "Giargiari began purchasing from Jose Medina in 1996...". Trial Transcript, 8/9/00, p. 5. There was no ambiguity in the government's position that such transactions took place in the fall of 1996, with larger purchases starting in September, which culminated in a half-kilogram purchased at Thanksgiving in 1996. Id. Sentencing counsel could reasonably have believed that cross-examining Giargiari on these purchases would have only underscored the fact that Medina sold Giargiari substantial amounts of cocaine.

Medina also suggests that there is an unexplained "gap" between the 1996 purchases and the 1998 cocaine seizure resulting in his arrest. Petition Add., p. 20. In fact, Giargiari testified at trial that he bought cocaine from Medina and his brother Otoniel throughout that period. Trial Transcript, 4/5/00, p. 121. Again, sentencing counsel's decision not to cross-examine Giargiari on that issue was reasonable given that further testimony risked revealing larger amounts of cocaine sold by Medina.

In sum, sentencing counsel's decision not to challenge the government's proffer of drug weight, and not to demand an evidentiary hearing at sentencing, echoed the reasonable and

10

sound strategic decisions made by predecessor counsel. In explaining that decision, sentencing counsel indicated that he had "no reason" to believe that Giargiari would not testify as the government stated he would, Sentencing Transcript, p.9, thereby reasonably supporting his apparent conclusion that cross-examination would effectively buttress the government's case.[3]

    B.   Medina's Sentencing Counsel's Performance Did Not Prejudice Him.

With respect to the prejudice prong of the Strickland test, Medina cannot prevail on his claim that he was prejudiced by his sentencing counsel's failure to pursue cross-examination of a potential witness because of the lengthy and detailed cross-examination of the same witness at trial. Under this second "prejudice" prong of the Strickland test, Medina must prove that there is a reasonable probability that, but for sentencing counsel's errors, the result of the sentencing proceeding would have been different. Strickland, 466 U.S. at 687. Knight v.

---

[3] Medina also incorrectly alleges that a cross-examination of the government's witness Jose Vasquez "would have contradicted any transactions in the debriefing report involving him." Petition, Ex. A. That allegation is unfounded. Even if true, Vasquez's testimony was plainly not the basis for the Court's sentencing determination. During the sentencing hearing, the government primarily argued on the basis of Giargiari's testimony; Vasquez was mentioned only in passing. (Sentencing Transcript, p. 4). The transactions used by the government to support its drug weight position all involved Giargiari. (Sentencing Transcript, p. 5). Counsel's decision not to object to the government's proffer of evidence from Vasquez was reasonable considering the government's lack of reliance on his evidence.

United States, 37 F.3d 769, 774 (1st Cir. 1994)(failure to inform defendant of impact of prior state conviction on federal sentence not ineffective assistance). The probability of a different outcome "must be substantial in order to establish prejudice." Ouber, 293 F.3d at 26.

Here, the trial transcripts support the Court's remark at the sentencing hearing that there was no inconsistency between Giargiari's debriefing report and his trial testimony. Sentencing Transcript, p.9. It would have been reasonable for sentencing counsel to have expected that Giargiari would not testify inconsistently with his debriefing report, and that therefore, Medina risked only further damaging evidence from a cross-examination. Moreover, in light of the fact that the government did not rely on Vasquez's anticipated testimony, it is evident that the cross-examination of Vasquez would not have had an affect on Medina's sentence.

Medina alleges incorrectly that sentencing counsel's failure to cross-examine a key witness is presumptively prejudicial. Petition Add., p. 20, citing Scarpa v. DuBois, 38 F.3d 1, 12 (1st Cir. 1994) (counsel's virtual concession of elements of charged offenses did not prejudice defendant). In Scarpa, the court rejected a prejudice per se standard, finding instead that there must be an examination of the specific facts of the case. Id. Only when counsel's absence or silence constitutes a complete failure "to subject the prosecution's case to meaningful

12

adversarial testing" is there prejudice per se. Id. at 12; see also United States v. Cronic, 466 U.S. 648, 659 (1984) (counsel's youth and inexperience was not per se prejudicial). Here, sentencing counsel could have made a fact-specific decision to avoid exposing his client to further potentially damaging testimony. Scarpa, 38 F.3d at 12. Even if Medina considers that strategic decision to be erroneous, it "cannot conclusively presumed to have been prejudicial." Id. at 15.

Medina similarly claims that, even had sentencing counsel's cross-examination of Giargiari been fruitless, Medina at least would have been "no worse off." Petition, Exh. A. That is not the standard by which sentencing counsel's decisions are to be judged. To establish prejudice, Medina must show a "reasonable probability" that, but for counsel's performance, "the trial outcome would have been different." Scarpa, 38 F.3d at 16. Clearly, had the suggested cross-examination left Medina in the same position, or "no worse," he has failed to establish any prejudice.

- C. The First Circuit Held That Medina Waived his Apprendi Claim, Therefore He Is Barred From Raising A Blakely Claim.

Finally, Medina claims that his sentencing hearing violated his Fifth and Sixth Amendment rights as applied by Apprendi and

13

Blakely. Petition, Exh. B. The First Circuit already ruled, however, that Medina waived his Apprendi claim by failing to present a colorable claim on appeal. United States v. Medina, 73 Fed.Appx. 464, 470 fn. 6 (1st Cir. 2003). Medina is therefore barred from relitigating his Apprendi claim in this Petition. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir., 1996); see United States v. Michaud, 901 F.2d 5, 6 (1st Cir., 1990); see also Olmstead v. United States, 55 F.3d 315, 319 (7th Cir., 1995).

Although the First Circuit has not decided whether Blakely applies retroactively to cases on collateral review,[4] other courts considering the issue have decided that the Supreme Court did not make Blakely retroactive to cases on collateral review. See Carmona v. United States, WL 2699880, *2 (2nd Cir. 2004) (Blakely not retroactive on collateral review until Supreme Court so decides); United States v. Stancell, WL 2738828, *2 (D.D.C. 2004) (Blakely inapplicable to cases on collateral review); United States v. Beatty, 103 Fed.Appx 785, *1 (4th Cir. 2004)

---

[4]The First Circuit has held that the failure to anticipate Blakely does not constitute ineffective assistance. Bevil Campbell v. United States, 108 Fed.Appx. 1 (1st Cir. 2004) (where defendant's stipulation as to drug quantity at trial barred him from showing that failure to charge specific drug quantity in indictment violated his Sixth Amendment right to trial by jury).

14

("Blakely does not apply in the § 2255 context"); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (Supreme Court has not made Blakely applicable to cases on collateral review); Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (Blakely not retroactive to cases on collateral review); United States v. Levy, WL 2755633, *9 (11th Cir. 2004) (petitioner may not bring Blakely claim in petition for rehearing when he failed to raise claim in any form on direct appeal). Medina may not therefore resuscitate his waived Apprendi claim here.

### IV. Conclusion

For all the reasons set out above, the government respectfully requests this Court to deny the Petition in its entirety.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Heidi E. Brieger
HEIDI E. BRIEGER
Assistant U.S. Attorney

15

Case 1:04-cv-11759-GAO    Document 6    Filed 02/08/2005    Page 16 of 16

## CERTIFICATE OF SERVICE

Suffolk, ss.                                Boston, Massachusetts

    This is to certify that a copy of the foregoing motion was sent by United States mail to Jose Medina, this 8th day of February, 2005.

*/s/ Heidi E. Brieger*
HEIDI E. BRIEGER
Assistant U.S. Attorney
16