IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE MEDINA,
    Petitioner

vs.

Civil No. 04-11759-GAO

UNITED STATES OF AMERICA,
    Respondent

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO TITLE 28, UNITED STATES CODE §2255

---

**NOW COMES**, the petitioner, Jose Medina, pro-se, and hereby files a reply to the government's response to his motion pursuant to 28 U.S.C. §2255.

In opposition to the government's response the petitioner submits the following:

### I. Ineffective Assistance of Counsel Claim

The government submits that petitioner's claim of ineffective assistance of counsel does not in fact fall below an objective standard of reasonableness, and that, even if it had, it did not prejudice him. The government supports this contention by stating that petitioner's counsel's failure to rebut evidence of drug quantity at sentencing "might be considered sound trial strategy" to prevent opening the door for evidence of larger quantities being intorduced.

Now, in objection to this assertion, petitioner Medina states that this ineffectiveness should not be considered sound trial strategy in light of the fact that the United States Probation office initially attributed the correct drug quantity to petitioner based on the result of his observation of what was testified to at trial. When the government objected to this quantity (which was the correct quantity) being attributed to petitioner, the petitioner's counsel's failure to object as well represented conduct that fell below an objective standard of reasonableness.

Petitioner Medina asserts that had his counsel objected to this attribution by the government, the outcome of the sentencing proceeding may have been significantly different, resulting in a lower base offense level, and a lower sentence. Therefore, the results of the unreasonable and ineffective conduct of petitioner's counsel prejudiced Medina. See **Glover vs. United States**, 531 U.S. _____, 148 Led.2d 604, 121 S.Ct. _____. Allegation that Federal District Court's erroneous sentencing determination unlawfully increased defendant's prison sentence held to establish prejudice for purposes of Sixth Amendment ineffective counsel claim.

The government's assertion that this ineffectiveness should be chalked up to mere sound trial strategy because of the larger quantities that could have been introduced makes no sense. Larger quantities were attributed because of the failure to object. Counsel basically left Medina to defend himself at sentencing by

allowing the government to increase what the United States Probation had already correctly determined, without even putting up a challenge. In turn both prongs of the **Strickland** test has been met.

## II. Petitioner's So-called Apprendi Claim

As for the government's assertion that petitioner has waived his **Apprendi** claim by failing to present a colorable claim on appeal, Medina states that this is without merit because his **Apprendi** claim is jurisdictional in nature and can be raised at any time. See **McGrath vs, Krislensen**, 340 U.S. 162 (1950). Jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, inaction, or stipulation. See **California vs. La Rue**, 409 U.S. 109, 112, 93 S.Ct. 390, 34 LEd.2d 342 (1972).

In the instant case, petitioner Medina re-asserts that his Fifth and Sixth Amendment **Constitutional** rights were violated and as a result an illegal sentence above the statutory maximum was imposed. A sentence above the statutory maximum is clearly jurisdictional because it means the district court acted without the proper authority.

Regardless if this court construes these **constitutional** violations to be **Apprendi** claims, it has an **obligation** to correct the error because federal courts are courts of limited jurisdiction deriving their power soley from Article III of the Constitution, and the legislative acts of Congress.

Unlike plain error review, which merely recognizes the court's **discretion** to correct "waived" error, where such error "seriously affects the fairness, integrity, or public reputation of judicial proceedings, where jurisdictional error is concerned by contrast a reviewing court is **obligated** to correct the error.

The district court in this case incorrectly applied the wrong burden of proof at sentencing to arrive at a drug quantity that had not been submitted to the jury for proof beyond a reasonable doubt at trial. See **Sullivan vs. Louisiana**, 508 U.S. 275, 278 282-83 (1993), "denial of the right to a jury verdict of guilt beyond a reasonable doubt" is structural error not subject to harmless error review.

Petitioner Medina finally submits that although his appellate counsel was also evidently ineffective in failing to **properly** raise this jurisdictional error, he, acting pro-se, untrained in law, should not be penalized for those actions. Clearly, allowing petitioner's sentence to remain above the statutory maximum will result in a complete miscarriage of justice. To prevent any further injustice Petitioner Medina respectfully request that this Honorable Court grant the relief requested or in the alternative any relief it deems appropriate.

Respectfully submitted,

Jose Medina, pro-se
#22539-038
Federal Prison Camp Jesup
2650 Highway 301 South
Jesup, Ga. 31599

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing motion has beeen sent to the following address by United States mail, postage pre-paid, on this 14th day of February, 2005.

Assistant U.S. Attorney Heidi E. Brieger
John J. Moakley Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Respectfully submitted,

José Medina, pro-se