UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11759-GAO

JOSE MEDINA,
Petitioner,

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER
May 23, 2005

O'TOOLE, D.J.

Jose Medina presents two arguments in support of his motion under 28 U.S.C. § 2255 to vacate his sentence. First, he claims that his lawyer's representation of him at sentencing was so deficient as to have deprived him of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Second, he claims that the sentence was determined based on facts found by the Court and not a jury and thus violated the principle established in Apprendi v. New Jersey, 530 U.S. 466 (2000). Neither claim is meritorious.

At Medina's sentencing, determining the proper sentencing range under the United States Sentencing Guidelines required deciding what quantity of cocaine should be attributed to his offenses. The Presentence Report took account only of the drug amounts in two particular transactions that were the bases for the offenses of conviction. The government argued for a higher amount, proffering a debriefing statement given to investigators by a former confederate of Medina's, Edward Giargiari, who had testified against him at trial. In the statement, Giargiari described more extensive

cocaine sales by Medina than he had testified about at trial. The government offered to produce Giargiari as a witness in the sentencing hearing, but represented that he would testify consistently with the statement. Medina's lawyer did not insist that Giargiari be produced so that he could be cross-examined about his claims that Medina's drug dealings were more extensive than the trial evidence had indicated. Rather, he argued that Giargiari's proffered testimony was so different from his trial testimony that it should not be found convincing, especially in light of Giargiari's agreement (well known to the Court from Medina's trial) to cooperate with the government in exchange for leniency in his own prosecution. In effect, counsel's argument was that the government could not, even with Giargiari's testimony, meet its burden of proof with respect to the higher drug quantity because its evidence was too suspect to be accepted as sufficient on the point.

Medina urges now that counsel's performance in this respect was so deficient as to have been "ineffective assistance" under the pertinent Sixth Amendment jurisprudence. He argues that instead of accepting the proffered statement as the substance of Giargiari's evidence on the quantity question, his lawyer should have insisted on Giargiari's appearance as a witness subject to cross-examination. The cross-examination would have shown his testimony to be "patently false." Even if that objective were not achieved, and Giargiari's testimony favorable to the government's position were not undermined by cross-examination, Medina says he would have been "no worse off" than he was as a result of counsel's effective concession that Giargiari would testify as summarized in the debriefing report. In other words, Medina contends that since there was only an up-side and no down-side to making the government call Giargiari as a witness, it was inexcusable not to do so.

The last proposition is hardly self-evident. Anyone experienced in the trial of cases realizes that witness examinations do not always go as planned, and surprises can go in either direction,

confident prior expectations notwithstanding. It would be entirely speculative to conclude that Giargiari's appearance as a witness at the sentencing hearing could only have weakened the government's case. For example, to the extent that there was any inconsistency between his trial testimony and his debriefing statement, he would have had the opportunity to explain and resolve the inconsistency, perhaps thereby strengthening the government's presentation. Accepting the debriefing summary in lieu of live testimony at least confined the evidence within known parameters, whereas live testimony by Giargiari might have expanded those parameters to Medina's detriment.

Counsel was not without a plausible argument: the Court should be unpersuaded by the cooperator's new evidence that painted a worse picture of Medina than the one that emerged from his trial testimony. (There was probably even some rhetorical value to the suggestion that the Court should be even more skeptical of the statement precisely *because* it was not subject to cross-examination.)

Medina would have sought to have the Court reject the government's argument for a higher drug quantity by cross-examining the witness who would have supported the argument. His lawyer sought to have the Court reject the argument by pointing to the inconsistency in the witness's testimony and his interest in favoring the government. In either case, the goal would be the same, persuading the Court that the government had not carried its burden on the question. The difference between the approaches comes down to a tactical choice of the sort trial counsel are called on to make every day. Some turn out in hindsight to have been better than others. In this case, whether Medina's suggested course would have been better for him cannot be determined. What is clear is that there is nothing in this record that suggests that his counsel's performance was deficient at all,

and certainly not to the extent that it effectively deprived Medina of representation at the sentencing hearing.

Medina's other argument is that the facts that were crucial to determining the sentencing range, to the extent they raised the range from what it would have been in the absence of such facts, had to be alleged and proved beyond a reasonable doubt to a jury. That is the burden of the Supreme Court's decisions in United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004). Both of those cases were decided after Medina's conviction became final, however, and neither has been given retroactive effect by the Supreme Court. In the absence of retroactivity, the Booker and Blakely principles do not pertain. See United States v. Price, 400 F.3d 844 (10th Cir. 2005). As to Apprendi, decided after Medina's conviction but before his sentencing, it is sufficient to say that his claim, adumbrated but not argued on direct appeal, has been waived. United States v. Medina, 73 Fed. Appx. 464, 470 & n.6 (1st Cir. 2003). To gild the lily, it may be added that even if not waived, it would have no merit, since the sentence did not exceed the "statutory maximum" as that term was used in Apprendi and before Booker and Blakely.

The motion to vacate or set aside the sentence is DENIED.

May 23, 2005 \s\ George A. O'Toole, Jr.

DATE DISTRICT JUDGE